IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSICA BLINKHORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE No. _____ |
| AUSTIN & GRACE LLC, | ) |
| DOROTHY S. MCKAY and | ) |
| J.M. SPIVEY, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, JESSICA BLINKHORN, by and through the undersigned counsel, and files this, her Complaint against Defendants AUSTIN & GRACE LLC, DOROTHY S. MCKAY and J.M. SPIVEY pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and

1

violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff Jessica Blinkhorn (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

4. Plaintiff suffers from Spinal Muscular Atrophy ("SMA") and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

6. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7. Defendant Austin & Grace LLC (hereinafter "A&G") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

8. A&G is the lessee (or sub-lessee) of a portion of the real property and improvements that are the subject of this action. (The two separate structures and improvements situated upon said real property are referenced herein as the "Good

Times Facility" and the "Shopping Center Facility" (together, the "Facilities"), and said parcel of real property shall be referenced as the "Property.")

9. A&G may be properly served with process via its registered agent for service, to wit: Chi Hun Kim, 4600 Parkview Walk Drive, Lilburn, Georgia, 30047.

10. Defendant Dorothy S. McKay (hereinafter "McKay") is an individual whom, upon information and good faith belief, has been a resident of the state of Georgia at all times relevant hereto.

11. McKay is a co-owner of the Facilities and Property.

12. McKay may be properly served with process at 1567 Sagewood Circle, Stone Mountain, Georgia 30083-1205.

13. Defendant J.M. Spivey (hereinafter "Spivey") is an individual whom, upon information and good faith belief, has been a resident of the state of Georgia at all times relevant hereto.

14. Spivey is a co-owner of the Facilities and Property.

15. Spivey may be properly served with process at 1567 Sagewood Circle, Stone Mountain, Georgia 30083-1205.

## FACTUAL ALLEGATIONS

16. On multiple occasions, including but not limited to July 9, 2018 and

February 26, 2021, Plaintiff was a customer at "Good Times Country Home Cookin'," a business located at 449 N. Indian Creek Drive, Clarkston, Georgia, 30021.

17. Plaintiff lives approximately ten (10) miles from the Facilities and Property.

18. Plaintiff's access to the businesses located at 447 N. Indian Creek Drive, Clarkston, Georgia, 30021 (DeKalb County Property Appraiser's parcel number 18 044 02 010, and of which 449 N. Indian Creek Drive is a part), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facilities and Property, including those set forth in this Complaint.

19. Plaintiff has visited the Facilities and Property several times and intends on revisiting the Facilities and Property once they are made accessible.

20. Plaintiff intends to revisit the Facilities and Property to purchase goods and/or services.

21. Plaintiff travelled to the Facilities and Property as a customer and as

an advocate for the disabled, encountered the barriers to her access of the Facilities and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facilities and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

22. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

23. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

24. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25. Each Facility is a public accommodation and service establishment.

26. The Property is a public accommodation and service establishment.

27. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer

employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

29. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

30. Each Facility must be, but each is not, in compliance with the ADA and ADAAG.

31. The Property must be, but is not, in compliance with the ADA and ADAAG.

32. Plaintiff has attempted to, and has to the extent possible, accessed the Facilities and the Property in her capacity as a customer of the Facilities and Property, and as an advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit her access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33. Plaintiff intends to visit the Facilities and Property again in the future

as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facilities and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit her access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34. Defendants have each discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facilities and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

35. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facilities and Property, including those specifically set forth herein, and make the Facilities and Property accessible to and usable by Plaintiff and other persons with disabilities.

36. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facilities and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facilities and Property include, but are not limited to:

(a) **EXTERIOR ACCESSIBLE ELEMENTS:**

(i) The total number of accessible parking spaces on the Property is inadequate, in violation of section 208.2 of the 2010 ADAAG standards.

(ii) The accessible parking spaces on the Property most proximate to the Good Times Facility are missing proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards.

(iii) The accessible parking spaces on the Property do not have adjacent access aisles, in violation of section 502.3 of the 2010 ADAAG standards.

(iv) There is an excessive vertical rise on the accessible route leading to the outside seating area of the Good Times Facility, in violation of section 303.2 of the 2010 ADAAG standards.

(v)     The Good Times Facility lacks at least 5% (five percent) of the exterior dining surfaces provided for consumption of food or drink which complies with section 902.2 requiring appropriate knee and toe clearance complying with 306 positioned for a forward approach, in violation of section 226.1 of the 2010 ADAAG standards.

(vi)    The Property lacks an accessible route from accessible parking spaces along the Shopping Center Facility, accessible passenger loading zones, public streets, sidewalks and/or public transportation stops to the accessible entrances of the Facility, in violation of section 206.2.1 of the 2010 ADAAG standards.

(vii)   Further, due to a lack of parking stops on the Property along the Shopping Center Facility, vehicles are encouraged to pull up far enough to block the accessible route to the entrances of the Shopping Center Facility, resulting in publicly accessible areas of the Property with accessible routes that have clear widths below the minimum 36 (thirty-six) inches required by section 403.5.1 of the 2010 ADAAG standards.

(viii)  The walking surfaces of the accessible route on the Property

along the Shopping Center Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards.

(ix) The ground surfaces of the accessible route on the Property along the Shopping Center Facility have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with section 302 and 303 of the 2010 ADAAG standards.

(b)   INTERIOR ACCESSIBLE ELEMENTS:

(i) The Good Times Facility lacks at least 5% (five percent) of the interior dining surfaces provided for consumption of food or drink that comply with section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of section 226.1 of the 2010 ADAAG standards.

(ii) The Good Times Facility does not have restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(iii) The door of the restroom entrance of the Good Times Facility lacks a permissible minimum maneuvering clearance upon exiting, in violation of section 404.2.4 of the 2010 ADAAG standards.

(iv) The door to the restrooms in the Good Times Facility has a clear width below 32" (thirty-two inches), in violation of section 404.2.3 of the 2010 ADAAG standards.

(v) The restrooms in the Good Times Facility lack proper door hardware, in violation of section 404.2.7 of the 2010 ADAAG standards.

(vi) There are no grab bars adjacent to the commodes in the accessible toilet stalls in the restrooms in the Good Times Facility, in violation of section 604.5 of the 2010 ADAAG standards.

(vii) There is inadequate clear turning space in the restrooms in the Good Times Facility, in violation of section 603.2.1 of the 2010 ADAAG standards.

(viii) The paper towel dispensers and automated hand drying devices in the restrooms in the Good Times Facility are located outside

    the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(ix) The lavatories and/or sinks in the restrooms in the Good Times Facility have exposed pipes and surfaces thereunder and are not insulated or configured to protect against skin contact, in violation of section 606.5 of the 2010 ADAAG standards.

(x) The mirrors in the restrooms in the Good Times Facility exceed the maximum permissible height set forth in section 603.3 of the 2010 ADAAG standards.

37. Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to locate and utilize a disabled accessible parking space on the Property, more difficult for Plaintiff to exit and re-enter her vehicle while on the Property, more difficult for Plaintiff to travel upon the accessible routes on the Property, and rendered the restrooms in the Good Times Facility entirely inaccessible to Plaintiff.

38. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or that exist at the Facilities and Property.

39. Plaintiff requires an inspection of the Facilities and Property in order

to determine all of the discriminatory conditions present at the Facilities and Property in violation of the ADA.

40. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

41. All of the violations alleged herein are readily achievable to modify to bring the Facilities and Property into compliance with the ADA.

42. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because the nature and cost of the modifications are relatively low.

43. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because Defendants each have the financial resources to make the necessary modifications.

44. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

45. Plaintiff is without adequate remedy at law, is suffering irreparable

harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facilities and Property, including those alleged herein.

46. Plaintiff's requested relief serves the public interest.

47. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

48. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

49. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants to modify the Facilities and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Austin & Grace LLC in violation of the ADA and ADAAG;

(b) That the Court find Dorothy S. McKay in violation of the ADA and ADAAG;

(c) That the Court find J.M. Spivey in violation of the ADA and

ADAAG;

(d) That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(e) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facilities and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(f) That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(g) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: September 28, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich